Crosby S. Connolly, Esq. (SBN: 286650)
crosby@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3609
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022


Attorneys for Allison Self

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Allison Self,<br><br>                       Plaintiffs,<br><br>v.<br><br>Collection Bureau of America, LTD.,<br><br>                       Defendant. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Allison Self ("Plaintiff") brings action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Collection Bureau of America, LTD., and its related entities, subsidiaries and agents ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the

1  Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"),
2  thereby invading Plaintiff's privacy.

3  2. Plaintiff alleges as follows upon personal knowledge as to herself and her
4  own acts and experiences, and, as to all other matters, upon information and
5  belief, including investigation conducted by her attorneys.

6  3. The TCPA was designed to prevent calls like the ones described within this
7  complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous
8  consumer complaints about abuses of telephone technology – for example,
9  computerized calls dispatched to private homes – prompted Congress to pass
10  the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

11  4. In enacting the TCPA, Congress intended to give consumers a choice as to
12  how creditors and telemarketers may call them, and made specific findings
13  that "[t]echnologies that might allow consumers to avoid receiving such calls
14  are not universally available, are costly, are unlikely to be enforced, or place
15  an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.
16  Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.
>
> Id. at § 12; see also, *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

25  5. Congress also specifically found that "the evidence presented to the Congress
26  indicates that automated or prerecorded calls are a nuisance and an invasion
27  of privacy, regardless of the type of call..." Id. at §§ 12-13. See also, Mims,
28  132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

7. The Ninth Circuit recently affirmed certification of a TCPA class action remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, F.3d, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

### JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Plaintiff is a natural person who resides in the City of Stockton, County of San Joaquin, State of California.

11. Plaintiff resides in San Joaquin County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

12. At the time of the substantial part of the events or omissions giving rise to the claim occurred, Plaintiff was physically located in the City of Stockton, County of San Joaquin, State of California.

13. Because a substantial part of the events or omissions giving rise to the claim occurred in San Joaquin County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

14. At all times relevant, Defendant conducted business within the State of California.

## PARTIES

15. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is 25954 Eden Landing Road, Hayward, CA 94545.  Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (10).   Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California and in the County of San Bernardino.

## FACTUAL ALLEGATIONS

17. On or about September 17, 2013, Plaintiff received a telephone call on her cellular telephone from Defendant where Defendant used an automatic telephone dialing system ("ATDS") and an artificial and prerecorded voice, as prohibited by 47 U.S.C. § 227 (b)(1)(A).

18. Thereafter, Plaintiff continued to receive substantially identical calls from Defendant using an ATDS and artificial and prerecorded voice, including calls on or about September 30, 2013; October 14, 2013; October 17, 2013; November 21, 2013; November 22, 2013; November 26, 2014; December 3, 2013; December 6, 2013; December 10, 2013; December 12, 2013; December 16, 2013; January 10, 2014; February 1, 2014; February 6, 2014; February 13, 2014; March 11, 2014; March 17, 2014; March 20, 2014; March 21, 2014; March 28, 2014; and April 1, 2014.

19. The calls from Defendant to Plaintiff came from a telephone number that Plaintiff has determined are owned or operated by Defendant.

20. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

21. This telephone call constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

22. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

23. Plaintiff never provided "prior express consent" to Defendant to place telephone calls to Plaintiff's cellular phone with an artificial or prerecorded voice as proscribed under 47 U.S.C. § 227(b)(1)(A).

24. These telephone calls by Defendant were in violation of the TCPA.

## CAUSES OF ACTION

## COUNT I

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

## 47 U.S.C. 227

25. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

26. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 *et. seq.*

27. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

1  //
2  //

### COUNT II
### KNOWING AND/OR WILLFUL OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. 227

29. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

31. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

HYDE & SWIGART
San Diego, California

- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

33. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: July 21, 2014         By: *s/Crosby S. Connolly*
                                Crosby S. Connolly
                                Attorneys for Plaintiff